IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

IN THE MATTER OF THE SEARCH OF A
SAMSUNG GALAXY S22 SERIAL NO.
R5CT11BM5JW

Case No. 2:24-mj-287-KFW

**AFFIDAVIT IN SUPPORT OF A
SEARCH WARRANT APPLICATION**

I, David C. Fife, being first duly sworn, hereby state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Rule 41 of the

Federal Rules of Criminal Procedure for a search warrant authorizing the examination

of property—an electronic device, further described in Attachment A —which is

currently in law enforcement possession, and the extraction from that property of

electronically stored information described in Attachment B.

2.      I am a Special Agent (SA) with Homeland Security Investigations (HSI)

and have been since August 2009. I am currently assigned to HSI's Portland, Maine

office. I have participated in numerous criminal investigations, to include matters

involving the sexual exploitation of children. In my career I have utilized various

investigative tools and techniques to include the use of search warrants.

3.      This affidavit is intended to provide the facts necessary for a

determination of probable cause for the requested search warrant. The facts set forth in

this affidavit are based on my personal knowledge, information obtained during my

participation in this investigation, information from others, including law enforcement

officers, my review of documents and computer records related to this investigation, and information gained through my training and experience.

4.       Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations including the Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(a)(5)(B) and (b)(2) and 2256(8)(A) and Criminal Contempt, in violation of 18 U.S.C. §§ 401 and 3148 have been committed by Sheldon Rembert.  There is also probable cause to search the information described in Attachment A for evidence, contraband, and instrumentalities of these crimes further described in Attachment B.

## **IDENTIFICATION OF THE DEVICE TO BE EXAMINED**

5.       The property to be searched is a Samsung Galaxy S22 Ultra, (hereinafter the "Device,"), bearing serial number R5CT11BM5JW, which is further described in Attachment A, and is currently in the custody of Homeland Security Investigations at its offices in Portland, Maine.

6.       The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## **PROBABLE CAUSE**

7.       On February 16, 2024, Sheldon Rembert was arrested in connection with a federal complaint charging him with Possession of Child of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(a)(5)(B) and (b)(2) and 2256(8)(A).  A copy of my affidavit submitting in support of the complaint is attached hereto and incorporated herein as Exhibit 1.

8.      On February 22, 2024, after a detention hearing, Rembert was released

subject to an Order Setting Conditions of Release. *See United States v. Sheldon*

*Rembert*, Case No. 2:24-cr-00033-NT, Dkt. 18. Condition (7)(t) of the Order Setting

Conditions of Release required that:

> *"The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program (which may include partial or full restriction of computer(s), internet/intranet, and/or internet-capable devices), and shall pay for services, directly to the monitoring company. The defendant shall submit to periodic or random unannounced searches of his/her computer(s), storage media, cloud based electronic service/storage accounts and/or other electronic or internet-capable device(s) performed by the probation officer. This may include the retrieval and copying of any prohibited data. Or, if warranted, the removal of such system(s) or electronic service storage/accounts for the purpose of conducting a more comprehensive search..."*

*United States v. Sheldon Rembert*, Case No. 2:24-cr-00033-NT, Dkt. 19.

9.      On March 20, 2024, an Indictment charging Defendant with Possessing

Child Pornography in violation of 18 U.S.C. §§ 2252(a)(a)(5)(B) and (b)(2) and

2256(8)(A) was filed in Federal District Court in Portland, Maine. See *United States v.*

*Sheldon Rembert*, Case No. 2:24-cr-00033-NT, Dkt. 23.

10.     I have been informed by Rembert's supervising United States Probation

Officer Michael Cook, that pursuant to Condition 7(t) of the Order Setting Conditions of

release, Rembert signed a *Computer and Internet Monitoring Program* Contract with

United States Probation. This contract included, the following requirements, among

others:

a.   "You may only access email accounts, including web-mail accounts, pre-
approved by the Probation Office." #12.

b.   "You shall not install or use any mobile applications (apps), software, or
programs unless preapproved by the Probation Office." #20.

c. "You shall not visit any website that promotes illegal activity (i.e., sale of illicit drugs, weapons, solicitation of sex act, etc.). # 27.

d. "You shall provide usernames and passwords for any online accounts and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action." #29.

e. "You shall not view, access, possess and/or download any pornography involving minors or pornography depicting minors. (i.e., anime)" # 35

11. I have been further informed by Officer Cook that:

a. On May 20, 2024, Officer Cook conducted a routine review of the activity on the defendant's approved, monitored device, a Samsung Galaxy S22 Ultra. During his review, Officer Cook observed that in May 2024, Rembert viewed written material from the website nifty.org multiple times that proclaimed to describe scenes of under-age males having sex.

b. After seeing the above-described written material, Officer Cook met with Rembert and seized the Device for a more thorough search.

c. On May 21, 2024, United States Probation Officer Michael Barker conducted a manual search of the defendant's phone. During said search, Officer Barker identified an email address associated with the phone, strbob05722@gmail.com (the "Account"), that was unknown to Officer Cook. The Gmail account was linked to a Google Photos[1] album which

---

[1] Google offers a cloud-based photo and video storage service called Google Photos. Users can share or receive photos and videos with others. Users have the option to sync their mobile phone or device photos

4

contained multiple images and video clips. Specifically, USPO Barker observed the Google Photos album contained a thumbnail image of a video of what appeared to be a pubescent boy with his buttocks to the camera and an image of two prepubescent to pubescent males with their genitals facing each other. Based on USPO Barker's experience and training, the images appeared to be child sexual abuse material.

d.  While searching the Device, Officer Barker also observed the "KillApp" application installed on the Device.[2] Rembert had not sought nor received approval from United States Probation to use the KillApp application.

12.  On July 10, 2024, I met with a United States Probation Officer Barker who provided me with the Device and showed me the location of the child sexual abuse material on the device.

13.  I accessed the Google Photos application associated with the Account on the Device. I observed multiple thumbnails which appear to show images of nude male children with erect penises. I have attached and incorporated herein Exhibits 2 and 3 in a sealed envelope. Exhibit 2 is a photograph showing the screen of the Device displaying a video thumbnail in the Google Photos application. It is my opinion that the male depicted in the image in Exhibit 2 is a minor under the age of 18 and that the image constitutes a lascivious exhibition of the genital and pubic areas of the depicted minor.

---

to Google Photos. Google preserves files stored in Google Photos indefinitely, unless the user deletes them.

[2] KillApps is an application that available on the Google Play Store that allows users to "close apps running in background automatically by a simple touch." *See* https://play.google.com/store/apps/details?id=com.tafayor.killall&hl=en_US, last visited 9/4/2024.

Exhibit 3 is a photograph of the screen of the Device displaying multiple images found in the Google Photos application. Based on my review of the images in Exhibit 2, it is my opinion that the males depicted in the images in Exhibit 3 are minors under the age of 18 and that the images constitute lascivious exhibitions of the genital and pubic areas of the depicted minors. I believe it is possible some of the images in Exhibit 3 depict actual minors that have been altered to enhance the appearance of the minor's genitalia, or alternatively, that some of the images are computer generated imagery.

**TECHNICAL TERMS**

14.     Based on my training and experience, I use the following technical terms to convey the following meanings:

  a.  Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless

telephones may also include global positioning system ("GPS") technology
for determining the location of the device.

b.  Digital camera:  A digital camera is a camera that records pictures as
digital picture files, rather than by using photographic film.  Digital
cameras use a variety of fixed and removable storage media to store their
recorded images.  Images can usually be retrieved by connecting the
camera to a computer or by connecting the removable storage medium to a
separate reader.  Removable storage media include various types of flash
memory cards or miniature hard drives.  Most digital cameras also include
a screen for viewing the stored images.  This storage media can contain
any digital data, including data unrelated to photographs or videos.

c.  Portable media player:  A portable media player (or "MP3 Player" or iPod)
is a handheld digital storage device designed primarily to store and play
audio, video, or photographic files.  However, a portable media player can
also store other digital data.  Some portable media players can use
removable storage media.  Removable storage media include various types
of flash memory cards or miniature hard drives.  This removable storage
media can also store any digital data.  Depending on the model, a portable
media player may have the ability to store very large amounts of electronic
data and may offer additional features such as a calendar, contact list,
clock, or games.

d.  GPS:  A GPS navigation device uses the Global Positioning System to
display its current location.  It often contains records the locations where
it has been.  Some GPS navigation devices can give a user driving or

7

walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e.  PDA:  A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and

presentations.  PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f.   IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g.   Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

15.   Based on my training and experience, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA.  In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

17.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

> a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

18.     *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19.     *Manner of execution.*  Because the warrant requested as to the Device seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.

Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

I submit that this affidavit supports probable cause for a warrant to search the PREMISES described in Attachment A and seize the items described in Attachment B.

_____
David C. Fife, Special Agent
Homeland Security Investigations

Sworn to telephonically and signed
electronically in accordance with the
requirements of Rule 4.1 of the Federal Rules
of Criminal Procedures

Date:  Sep 18 2024

City and state:  Portland, Maine

_____
Judge's signature

Karen Frink Wolf,  U.S. Magistrate Judge
Printed name and title

11

## AFFIDAVIT IN SUPPORT OF AN APPLICATION
## FOR A CRIMINAL COMPLAINT

I, David Fife, being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of a criminal complaint charging Sheldon Rembert with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

2.      I am a Special Agent with Homeland Security Investigations (HSI) and have been since August 2009. I am currently assigned to HSI's Portland, Maine office. I have participated in numerous criminal investigations, to include matters involving the sexual exploitation of children.

3.      This affidavit is intended to provide the facts necessary for a determination of probable cause for the requested complaint and arrest warrant. The facts set forth in this affidavit are based upon my personal knowledge, information obtained during my participation in this investigation including information provided by other investigators, my review of documents and computer records related to this investigation, and information gained through my training and experience. Based on my training and experience and the facts as set forth in this affidavit, I submit that probable cause exists to believe that Sheldon Rembert possessed child pornography on about April 10, 2023, in violation of 18 U.S.C 2252A(a)(5)(B).

## STATUTORY AUTHORITY

4.      Section 2252A(a)(5)(B) of Title 18 of the United States Code prohibits a person from knowingly possessing any material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any

1

means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## DEFINITIONS

5. The following definitions apply to this Affidavit:

a) "Child Pornography," as used herein, is defined by 18 U.S.C. § 2256(8) to mean any visual depiction including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means of sexually explicit conduct, where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

b) "Sexually explicit conduct," as used herein, is defined by 18 U.S.C. § 2256(2)(A) to mean actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person.

## PROBABLE CAUSE

6. HSI, and other law enforcement, have been investigating Sheldon Rembert for possession and distribution of child sexual abuse material ("CSAM").

7.     On April 7, 2023, the Court issued search warrants authorizing the search of two residences in South Portland, Maine for certain evidence related to the violation of 18 U.S.C. § 2252A(a)(1)(a). *See* Dkts. 2:23-mj-74-KFW (Location 1) and 2:23-mj-75-KFW (Location 2). During the investigation, agents learned that Rembert has resided at both Location 1 and Location 2.

8.     On April 10, 2023, I along with other law enforcement officers executed the search warrant at Location 1, while another team of law enforcement officers executed the search warrant at Location 2.

9.     Law enforcement officers arrived at Location 2 and knocked on the door. After repeated knocking, an adult female individual ("Person 1") answered the door. Person 1 told law enforcement officers that Rembert was inside a bedroom in the apartment, which Person 1 identified as Rembert and his girlfriend's bedroom. Law enforcement officers observed Rembert alone in the bedroom, sleeping.

10.     Law enforcement officers woke Rembert and brought him into the living room of Location 2, where they informed him that he was not under arrest and was free to leave. Law enforcement officers explained, in substance, that they had a warrant to search Location 2 for CSAM materials.  In response, Rembert stated, "I know what you are talking about."

11.     Upon clearing the residence, agents asked Rembert where his cellphone and/or other devices were in the apartment, and Rembert stated that his phone was on his bed. Law enforcement located a Samsung Galaxy Note S20+[1] on a bed in the bedroom where Rembert was initially observed. While placing the phone in "airplane mode," an

---

[1] According to Samsung's website, the Samsung Galaxy Note S20+ is manufactured in Vietnam.

HSI Agent observed that that the phone displayed an open video application playing a suspected CSAM video.

12. Following the discovery of the phone, HSI Special Agent Greg Squire asked Rembert if he would be willing to speak with agents in a vehicle outside the residence. Rembert agreed to speak and joined SA Squire and HSI Resident Agent in Charge (RAC) Michael McGonigle in RAC McGonigle's vehicle. SA Squire had previously explained to Rembert that he was not under arrest and was free to leave at any time. While in the vehicle, Rembert stated, in substance and in part, that:

    a. Rembert knew why agents were searching his home;

    b. That he had previously been arrested for possession of CSAM in/around December 2021 and had also had a previous interaction with the police on the same topic back in 2017;

    c. That there would be CSAM materials on his phone but no other devices;

    d. That he had downloaded CSAM images/videos onto his phone using BitTorrent[2], and that he had most recently downloaded CSAM in March 2023, using the Wifi at Location 2;

    e. The CSAM materials were saved directly on Rembert's phone and backed up in his Dropbox[3] account;

---

[2] BitTorrent is a publicly available peer-to peer file-sharing network used to share digital files over the Internet.

[3] Dropbox is an online cloud storage platform that allows users to store files and media remotely; this content can be accessed at any time from whatever device used to log in to the user's Dropbox account.

f. That could recall having used such search terms as "p101," "Sebastian leash," "beaver dam," and "gay PTHC"[4] to locate the CSAM.

Upon conclusion of the interview, Rembert departed the vehicle and returned to his apartment.

## Forensic Review of Rembert's Samsung cell phone

13. In the days following the search warrant execution, SA Christopher Fitzpatrick conducted a forensic examination of Rembert's Samsung Galaxy Note S20+, at the HSI office in Portland, ME. During his examination, SA Fitzpatrick discovered several installed torrent applications, to include Frostwire, TorrDroid, uTorrent, and BitTorrent, as well as the app for Dropbox.[5] During his physical analysis of the Samsung device itself, SA Fitzpatrick also discovered a SanDisk MicroSD 32GB storage card installed in a port on the phone and conducted a forensic examination of this as well. In total, SA Fitzpatrick encountered approximately 725 images and 40 videos containing suspected CSAM on the device and SD card.

14. On/around December 19, 2023, I reviewed two of the videos that had been discovered by SA Fitzpatrick during his review, and I describe them as follows:

a.) **(pthc) valya.mpg**

This video is approximately 3:23 minutes long, and depicts a naked prepubescent girl, aged 10-12, who is gradually tied up and bound to a table with white and red rope. After tying her to the table, an adult Caucasian male then manipulates her nipples and

---

[4] "PTHC" is an acronym for "pre-teen hard core."

[5] "Torrent" applications, such as Frostwire, TorrDroid, uTorrent, and BitTorrent can be used to share and download digital files over the Internet.

vagina and, towards the end of the video, forces his penis into her mouth. This file was discovered within the allocated memory space on Rembert's phone, specifically, in a "Download" folder associated with the Frostwire application, and, within a subfolder titled "CP." A still image from this video is marked as Exhibit 1 and submitted herewith under seal.

**b.) p101 (bibcam-pthc-pjk) dad little son having sex(2).wmv**

This video is approximately 39:02 minutes long, and when played, displays the title "P – P101 (bibcam-Pthc-pjk) Dad little Son having sex" on the screen. The video features numerous pubescent and pre-pubescent boys aged between approximately 8 and 12 years, who are all subjected to oral and anal sex with various adult males. In one scene, at approximately minute 0:30, a boy aged approximately 10-12 years old is depicted bound with his hands to his ankles and face down on a bed, while an adult Caucasian male forces his penis into the boy's mouth. This file was discovered within the allocated memory space on Rembert's phone. Specifically, it was discovered within subfolders in "Download" folder associated with the Frostwire application on Rembert's phone. The file was located a subfolder titled "pix," which itself was located in the subfolder titled "CP." A still image from this video is marked as Exhibit 2 and submitted herewith under seal.

## <u>CONCLUSION</u>

Based on the forgoing, I submit that probable cause exists to believe that on or about April 10, 2023, and on other dates, Sheldon Rembert possessed child pornography in violation of 18 U.S.C § 2252A(a)(5)(B). I further submit that there is probable cause to

believe that the offense involved a prepubescent minor or a minor who had not attained 12 years of age.

Dated at Portland, Maine this 15th day of February, 2024

David Fife
Special Agent
Homeland Security Investigations

Sworn to telephonically and signed
electronically in accordance with the
requirements of Rule 4.1 of the Federal Rules
of Criminal Procedures

Date: Feb 15 2024

City and state: Portland, Maine

*Judge's signature*

Karen Frink Wolf,  U.S. Magistrate Judge
*Printed name and title*

7

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means          ☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### District of Maine

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>A SAMSUNG GALAXY S22 SERIAL NO.<br>R5CT11BM5JW | )<br>)<br>)   Case No.  2:24-mj-287-KFW<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

        An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ Maine _____
*(identify the person or describe the property to be searched and give its location)*:
      See Attachment A.

        I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
      See Attachment B.

        **YOU ARE COMMANDED** to execute this warrant on or before _____ October 2, 2024 _____ *(not to exceed 14 days)*
      ☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

        Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

        The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Hon. Karen Frink Wolf _____ .
                                                                 *(United States Magistrate Judge)*

        ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
      ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   4:01 pm, Sep 18 2024          _____
                                                              *Judge's Signature*

City and state:        Portland, Maine          Karen Frink Wolf,  U.S. Magistrate Judge
                                                              *Printed name and title*

## ATTACHMENT A

The property to be searched is a Samsung Galaxy S22 Ultra, (hereinafter the "Device,"), bearing serial number R5CT11BM5JW, which is further described in Attachment A, and is currently in the custody of Homeland Security Investigations at its offices in Portland, Maine.

A Photograph of the Device appears below:



This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

1.      All records on the Device Described in Attachment A relating to violations

of 18 U.S.C. §§ 2252(a)(a)(5)(B) and (b)(2) and 2256(8)(A) and/or 18 U.S.C. §§ 401 and

3148, those violations involving Sheldon Rembert and occurring after February 16,

2024, including:

      a.      records and visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256;

      b.      records or information pertaining to an interest in child pornography;

      c.      records or information pertaining to the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

      d.      records or information of and relating to visual depictions that have been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256, including the record or information used to create the visual depiction;

      e.      records or information pertaining to peer-to-peer file sharing;

      f.      photo and/or video editing software and records or information relating to photo and/or video editing software;

      g.      evidence indicating the computer user's state of mind as it relates to the crime under investigation;

      h.      evidence concerning the use or installation of applications designed to eliminate or conceal data and/or use of applications on the Device.

2.      Evidence of user attribution showing who used or owned the Device at the

time the things described in this warrant were created, edited, or deleted, such as logs,

phonebooks, saved usernames and passwords, documents, and browsing history;

3.       As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.